1 **WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Nicholas Ligidakis,<br><br>    Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV-10-00674-PHX-FJM<br><br>**ORDER** |

The court has before it Joseph Ligidakis' petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 1), respondents' answer (doc. 7), and petitioner's reply (doc. 17). We also have before us the report and recommendation of the United States Magistrate Judge recommending that the petition be denied (doc. 18). Petitioner did not object to the report and recommendation.

A § 2254 petition is subject to a one-year limitation period under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2244(d)(1). In this case, the period began to run on February 15, 2007, when the time to seek direct review of petitioner's convictions by the Arizona Supreme Court expired. He filed his § 2254 petition on March 25, 2010, over three years later. He fails to account for this delay.

Petitioner contends that statutory tolling applies during the pendency of his state petition for post-conviction relief, which was filed on April 27, 2007, and denied by the trial court as untimely on January 24, 2008. See id. § 2244(d)(2) (providing tolling during pendency of a "properly filed" application for state collateral review). The Arizona Court

of Appeals and the Arizona Supreme Court denied review of this decision on December 29, 2008, and May 5, 2009, respectively. Because petitioner's state petition was untimely, it was not properly filed for purposes of statutory tolling. Allen v. Siebert, 552 U.S. 3, 7, 128 S. Ct. 2, 4 (2007) ("When a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)."). Thus, statutory tolling is unavailable.

Petitioner also contends that equitable tolling is appropriate because he had difficulty filing his state petition in 2007 and he received a memo from his lawyer on June 8, 2009, indicating that he had until April 8, 2010, to file a federal habeas petition. To be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland v. Florida, __ U.S. __, __, 130 S. Ct. 2549, 2562 (2010). Even if petitioner's allegations were meritorious, he fails to allege grounds for tolling the period of over one year between the expiration of the AEDPA limitation period in February 2008 and his receipt of a memo in June 2009. We note that this period followed the trial court's denial of petitioner's state petition as untimely in January 2008, which gave him notice that he could not rely on statutory tolling. Because petitioner fails to show diligence and extraordinary circumstances to justify equitably tolling the AEDPA limitation period for more than two years, his petition is time-barred. We accept the recommendation of the United States Magistrate Judge pursuant to Rule 8(b), Rules Governing § 2254 Cases, and deny the petition.

**IT IS THEREFORE ORDERED DENYING** the petition for writ of habeas corpus (doc. 1).

**IT IS FURTHER ORDERED DENYING** a certificate of appealability because denial of the petition is justified by a plain procedural bar, and jurists of reason would not find the procedural ruling debatable.

DATED this 14th day of December, 2010.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge

- 2 -